Filed 5/5/22  P. v. Chenda CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY CHENDA,<br><br>Defendant and Appellant. | F083275<br><br>(Kern Super. Ct. No. DF015620B)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant Johnny Chenda was sentenced to a lower term of two years pursuant to a negotiated disposition. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## PROCEDURAL BACKGROUND

On November 6, 2020, a complaint was filed in the Superior Court of Kern County charging codefendants Johnny Chenda and Chayya Kim with count 1, possession of marijuana without proper authorization on or about September 23, 2019, while in Wasco State Prison (Pen. Code, § 4573.6),[1] and that Chenda had one prior strike conviction.

On June 17, 2021, Chenda entered into a negotiated disposition, pleaded no contest to count 1, and admitted the prior strike allegation, with the strike to be dismissed, and a stipulated lower term of two years in prison. The parties stipulated to a factual basis based on "the probable cause statement and the reports in discovery."

On July 20, 2021, the court dismissed the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and sentenced Chenda to the lower term of two years in prison, fully consecutive to any other term that was currently imposed.

The court noted there was a range for the amount of the restitution fine and imposed the statutory minimum of $300 (§ 1202.4, subd. (b)) and suspended the parole revocation fine (§ 1202.45). It also imposed the court operations assessment of $40 (§ 1465.8) and the criminal conviction assessment of $30 (Gov. Code, § 70373). The court stated it was aware of the ruling in *People v. Dueñas* (2019) 30 Cal.App.5th 1157

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

and advised Chenda to let his attorney know "[i]f you become permanently disabled in the future…. We can have a hearing about those minimum fines and fees."

On September 7, 2021, Chenda filed a timely notice of appeal.

## DISCUSSION

As noted above, Chenda's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on January 31, 2022, we invited Chenda to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.